UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ERIC D. SMITH,  )
                )
    Plaintiff,  )
v.              )  No. 1:11-cv-725-TWP-TAB
                )
COUNTY OF MARION, )
                )
    Defendant.  )

**Entry Discussing Plaintiff's Motion to Reconsider
and Directing Remand of State Law Claims to State Court**

**I.**

The plaintiff's motion to reconsider the dismissal of the federal claims in Part I of the Entry issued on June 27, 2011 (Dkt. No. 21, is **denied.** See *Patel v. Gonzales* 442 F.3d 1011, 1015-1016 (7th Cir. 2006) ("A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . ."). The principal deficiencies in the motion for reconsideration are that: (1) he sued Marion County, not the agency or individual(s) responsible for representing the State of Indiana in criminal prosecutions; and (2) he cannot successfully circumvent the filing restrictions of the Seventh Circuit's Order of June 10, 2008, in No. 09-2444 by using an inapt procedure.

**II.**

The plaintiff has responded to directions in Part II of the Entry issued on June 27, 2011, by asserting that there are state law claims he intends to pursue.

The federal claims, however, have been properly dismissed as legally insufficient. The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)); *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir. 2007).

The general rule will be followed here, though rather than dismissing the pendent state law claims that portion of the action must be remanded to the state court from which the case was first removed.

This court suggests that upon docketing in the state court the parties promptly bring to that court's attention the existence and nature of any pending motions.

### III.

Final judgment consistent with the foregoing shall now issue. That is, the federal claims are to be dismissed with prejudice, while the pendent claims under Indiana state law shall be remanded to the Marion County Superior Court.

**IT IS SO ORDERED.**

Date: 07/22/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Eric D. Smith
DOC #112675
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P. O. Box 500
Carlisle, IN 47838

Jennifer Lynn Haley
Office of Corporation Counsel
jhaley@indy.gov

Katie J. Kawiecki
Officer of Corporation Counsel
kkawiecki@indy.gov